| | |
|---|---|
| BRESSLER, AMERY & ROSS, P.C.<br>Randi Perry Spallina, CA Bar 165839<br>200 E. Las Olas Boulevard, Suite 1500<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 499-7979<br>Facsimile: (954) 499-7969<br>rspallina@bressler.com<br><br>Attorney for Plaintiff<br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY<br><br>LAW OFFICES OF WENDY E. HARTMANN<br>Wendy E. Hartmann, CA Bar<br>300 W. Glenoaks Blvd, Suite 300<br>Glendale, CA  91202<br>Telephone: (818) 627-5400<br>Facsimile: (323) 386-7777<br>wendy@wehlaw.com<br><br>Guardian *ad Litem* for Defendants<br>S.Y. and C.Y. | YK LAW, LLP<br>Vahe Khojayan (SBN261996)<br>445 S. Figueroa Street, Ste 2280<br>Los Angeles, CA 90071<br>Telephone: (213) 401-0970<br>Facsimile: (213) 529-3044<br>vkhojayan@yklaw.us<br><br>Attorneys for Defendant<br>JERRY KAMINSKI<br><br>KEVIN L. SMITH (CA SB# 128017)<br>LAW OFFICES OF KEVIN L. SMITH<br>2845 W. Valley Blvd.<br>Alhambra, California 91803<br>Tel: (562) 308-0300<br>Fax: (626) 289-7100<br>kevinsmith.lawgroup@gmail.com<br><br>Attorney for Defendant<br>ERICK YEPES |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JERRY KAMINSKI,<br><br>S.Y., a Minor,<br><br>C.Y., a Minor, and<br><br>ERICK YEPES,<br><br>Defendants, | Case No. CV 22-2164 MWF (AFMx)<br><br>**JOINT MOTION FOR ENTRY OF FINAL ORDER OF DISCHARGE, DISBURSEMENT, AND DISMISSAL WITH PREJUDICE**<br><br>HEARING DATE: October 3, 2022 at 10:00 a.m. |

COME NOW, Plaintiff American General Life Insurance Company and Defendants Jerry Kaminski, S.Y., C.Y., and Erick Yepes, by counsel, and hereby

submit their joint motion for entry of final order of discharge, disbursement, and dismissal with prejudice. In support thereof, the Parties jointly state as follows:

## FACTUAL BACKGROUND

1. On April 1, 2022, American General filed its Complaint for Interpleader Relief against Defendants Jerry Kaminski, S.Y., C.Y., and Erick Yepes. Doc. 1. American General seeks interpleader relief pursuant to Fed. R. Civ. P. 22 to resolve Defendants' competing claims to the $525,000 death benefit payable under life insurance policy number A7E122332L (the "Policy") issued to Kristina Kaminski Yepes (the "Decedent").

2. Defendants Jerry Kaminski, S.Y., and C.Y. are the named primary beneficiaries of the Policy. *See id.* at ¶¶ 9, 12, Ex. A.

3. Defendant Jerry Kaminski has submitted a claim to the Policy death benefit. *See id.* at ¶ 17, Ex. D.

4. Defendant Erick Yepes is the surviving spouse of the Decedent, and has asserted a claim to the Policy death benefit "based on, among other things, California law regarding his rights as a surviving spouse to his community property interest in the Policy." *See id.* at ¶ 16, Ex. C.

5. Prior to filing its Complaint for Interpleader Relief, American General provided Defendants with a reasonable opportunity to resolve their competing claims to the Policy death benefit. *See id.* at ¶ 18; *see also* Jerry Kaminski Answer,

Doc. 11 at ¶ 18 (admitting this allegation from Complaint).

6. On July 26, 2022, the Court appointed Wendy E. Hartmann as guardian ad litem to represent the interests of minor defendants S.Y. and C.Y. in this proceeding. *See* Doc. 35.

7. On August 5, 2022, American General deposited the Policy death benefit plus accrued interest into the registry of the Court.

8. On August 23, 2022 American General was advised that Defendants had resolved their competing claims to the Policy death benefit. Defendants have agreed to disburse the Policy death benefit as follows:

   a. 50% to Erick Yepes;

   b. 16.7% to Jerry Kaminski;

   c. 16.7% to S.Y.; and

   d. 16.6% to C.Y.

9. American General requests to withdraw $7,500 from the amount on deposit in the registry of the Court as reimbursement for its attorneys' fees and costs incurred in this action. The requested amount of $7,500 is a compromise amount less than American General's total fees and costs incurred in this action. Defendants have no objection to this request.

# ARGUMENT

Fed. R. Civ. P. 22 states, in pertinent part,

**(a) Grounds.**

> **(1)** *By a Plaintiff*. Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>
> > **(A)** the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> >
> > **(B)** the plaintiff denies liability in whole or in part to any or all of the claimants.

In an interpleader action pursuant to Fed. R. Civ. P. 22, "the Court analyzes whether 'the stakeholder 'is or may be exposed to double or multiple liability.'" *See Reliastar Life Ins. Co. v. M.S.*, Case No. 2:19-cv-09628-MCS-AGRx, 2021 U.S. Dist. LEXIS 49410, at *6 (C.D. Cal. Mar. 1, 2021) (internal quotation omitted).

> This "danger need not be immediate; any possibility of having to pay more than is justly due, no matter how improbable or remote, will suffice." Furthermore, "[i]f an interpleader action is properly brought and the funds have been deposited with the court, a court should readily discharge a stakeholder absent bad faith or delay by the stakeholder."

*See id.* (internal quotations omitted). This requirement is satisfied where claimants have made adverse claims to a life insurance policy death benefit. *See id.* at **6-7.

Here, Defendant Erick Yepes has made a claim to the Policy death benefit that is adverse to the claims of the other Defendants. American General has also deposited the Policy death benefit into the registry of the Court. Therefore, American

General could be "exposed to double or multiple liability," and is entitled to a discharge from further liability and an injunction enjoining Defendants from instituting any further action against American General related to the Policy death benefit.

Furthermore, Defendants have now resolved their competing claims to the Policy death benefit, and have requested that the Court disburse the benefit per Defendants' agreement. The Defendants' agreement regarding the disbursement of the Policy death benefit is set forth in the enclosed proposed final order of discharge, disbursement, and dismissal with prejudice. The enclosed proposed final order will completely dispose of this interpleader action.

WHEREFORE, the Parties hereby jointly respectfully request that the Court enter the enclosed proposed final order of discharge, disbursement, and dismissal with prejudice.

| | | |
|---|---|---|
| 1 | Dated:        September 30, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | BRESSLER, AMERY & ROSS, P.C. | YK LAW, LLP |
| 4 | By: /s/ Randi Perry Spallina | By: /s/ Vahe Khojayan |
| 5 | Randi Perry Spallina | Vahe Khojayan |
| 6 | Attorney for Plaintiff<br>AMERICAN GENERAL LIFE | Attorney for Defendant<br>JERRY KAMINSKI |
| 7 | INSURANCE COMPANY | |
| 8 | | |
| 9 | LAW OFFICES OF WENDY E. HARTMANN | LAW OFFICES OF KEVIN L. SMITH |
| 10 | By: /s/ Wendy E. Hartmann | By: /s/ Kevin L. Smith |
| 11 | | |
| 12 | Wendy E. Hartmann | Kevin L. Smith |
| 13 | Guardian *ad Litem* for Defendants<br>S.Y. and C.Y. | Attorney for Defendant<br>ERICK YEPES |